Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4064**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES M. ANDERSON, a/k/a Hollywood,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:06-cr-00164-1)

―――――――――

Submitted: July 24, 2007          Decided:  July 27, 2007

―――――――――

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam.

―――――――――

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James M. Anderson pled guilty to distributing a quantity of cocaine base (crack), 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of 108 months' imprisonment.  Anderson appeals his sentence, arguing that the district court erred by seeking to impose a "reasonable" sentence rather than a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).  He also contends that the court failed to adequately consider the effect in his case of the 100:1 sentencing ratio for cocaine and crack offenses.  Last, he argues that his sentence, at the bottom of the advisory guideline range, is greater than necessary to further the purposes of § 3553(a)(2).  We affirm.

At sentencing, Anderson did not challenge the guideline calculation, but asked the court to impose a variance sentence below the range based on a number of factors, including the perceived unfairness of the guidelines for crack offenses, the fact that he generally sold small amounts of crack and did not engage in violence or possess a firearm, and his full cooperation with authorities even before his arrest.  The court found no basis for a variance.  A sentence within a correctly calculated advisory guideline range is presumptively reasonable.  <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007) (upholding presumption of

reasonableness standard).  Our review of the record discloses that Anderson has failed to rebut the presumption of reasonableness.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED