**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4064**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMES M. ANDERSON, a/k/a Hollywood,

                Defendant - Appellant.

―――――――――

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-7378)

―――――――――

Submitted:  April 9, 2008          Decided:  May 23, 2008

―――――――――

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James M. Anderson pled guilty to distributing a quantity of cocaine base (crack), 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of 108 months imprisonment. Anderson appealed his sentence, arguing that the district court erred by seeking to impose a "reasonable" sentence rather than a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and failed to consider adequately the effect of the 100:1 sentencing ratio for cocaine and crack offenses in his case. He also claimed that his sentence was greater than necessary to further the purposes of § 3553(a)(2). We affirmed his sentence; however, the Supreme Court subsequently vacated the judgment and remanded the case for reconsideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). See United States v. Anderson, 241 F. App'x 912 (4th Cir. 2007), vacated, 128 S. Ct. 913 (2008).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575. Kimbrough has thus abrogated United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that sentencing court may not vary from guideline range solely because of 100:1 ratio for crack/cocaine

- 2 -

offenses), <u>vacated</u>, 128 S. Ct. 853 (2008).  The district court did not have the benefit of <u>Kimbrough</u> when it determined Anderson's sentence.  To give the district court the opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court and remand for resentencing.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]On remand, Anderson will be resentenced under the revised guidelines for crack offenses that took effect on November 1, 2007.